# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERMAINE LOCKHART,

                Plaintiff,

v.

C.O. BRITTANY HIBMA,

                Defendant.

Case No. 20-CV-1355-JPS

**ORDER**

        Plaintiff Jermaine Lockhart, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant violated his First and Eighth Amendment rights. (Docket #1). In addition to a motion to proceed *in forma pauperis*, (Docket #2), Plaintiff has filed a motion for an update, (Docket #11), and motion for a status report, (Docket #12). This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee, screens his complaint, and resolves his other pending motions.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

        The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 24, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $1.53. (Docket #9). Plaintiff paid that fee on October 2, 2020.

**2.    SCREENING THE COMPLAINT**

**2.1    Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2  Plaintiff's Allegations

On April 11, 2020, Plaintiff was doing cardio exercises in his cell when he began experiencing shortness of breath, excruciating chest pains, and difficulty breathing. (Docket #1 at 2). Shortly thereafter, Plaintiff heard Defendant C.O. Brittany Hibma ("C.O. Hibma") performing the medication rounds, which generally occurs between 10 and 11 a.m.. (*Id.*) Plaintiff told C.O. Hibma that he needed his inhaler because he was experiencing chest pains and shortness of breath. (*Id.*) Plaintiff's inhaler is usually kept on the medication cart used during medication rounds. (*Id.*) However, when C.O. Hibma searched the medication cart, his inhaler was not there. (*Id.*) She told him she would need to go get it after the medication rounds. (*Id.*) Plaintiff waited for C.O. Hibma to return with his inhaler after she completed the medication rounds, but she never came back. (*Id.*)

Around noon, Plaintiff asked C.O. Hibma again for his inhaler. (*Id.*) Other inmates began to yell out at C.O. Hibma that Plaintiff needed his inhaler. (*Id.*) Plaintiff began to panic and passed out. (*Id.* at 2–3). He believes he may have had an asthma attack. (*Id.*) When he woke up, he tried to breath slowly despite the chest pains and difficulty breathing. (*Id.* at 3).

At 1:45 p.m., C.O. Hibma had still not returned with his inhaler. (*Id.*) Around that time, Plaintiff asked another inmate who was allowed to walk outside the cells to inform C.O. Hibma that Plaintiff still needed his inhaler.

(*Id.*) Plaintiff heard the inmate call out to the officers that Plaintiff needed his inhaler. (*Id.*) C.O. Lyon came to Plaintiff's cell and told him that he would not be receiving his inhaler because it was not a rescue inhaler. (*Id.*) Additionally, C.O. Lyon informed Plaintiff that C.O. Hibma stated that Plaintiff had refused his inhaler, which Plaintiff strongly denied. (*Id.*)

Finally, around 3:15 p.m. Plaintiff was allowed to go to the Health Services Unit ("HSU") for his controlled medication. (*Id.*) Plaintiff informed Sgt. Meyer of the incident and he was finally given his inhaler. (*Id.*) Plaintiff also informed a nurse of the incident and the nurse said that he would write something about it in Plaintiff's medical record. (*Id.*) Additionally, Plaintiff submitted a Heath Services Request ("HSR") related to the incident, stating that the inhaler is indeed a rescue inhaler, and that he should have received it when requested. (*Id.*)

C.O. Hibma wrote and issued a conduct report regarding Plaintiff's behavior. (*Id.*) As a result of the conduct report, Plaintiff lost 21 days of recreation time. (*Id.* at 4). Plaintiff alleges that C.O. Hibma issued the conduct report in retaliation to Plaintiff complaining to her co-workers and submitting the HSR. (*Id.*)

### 2.3 Analysis
#### 2.3.1 Eighth Amendment

Plaintiff's allegations invoke his rights under the Eighth Amendment, which secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain such a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, Plaintiff must show: (1) an objectively serious medical

condition; (2) that defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

At the screening stage, the Court finds that Plaintiff's allegations state a claim for deliberate indifference to a serious medical condition in violation of the Eighth Amendment. Plaintiff's claims that he was suffering shortness of breath, chest pains, and an asthma attack, sufficiently allege a serious medical condition. Plaintiff also adequately alleges that C.O. Hibma knew about his medical issue and did little about it; she told Plaintiff she would come back with the inhaler, but never did, and she told C.O. Lyon that Plaintiff had refused his inhaler, when Plaintiff claims that is not true. Thus, Plaintiff's complaint sufficiently states a claim for deliberate indifference to a serious medical condition in violation of the Eighth Amendment against C.O. Hibma.

### 2.3.2 First Amendment

To state a First Amendment retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). "A prisoner has a First Amendment

right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). Additionally, "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) (quoting *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978)).

The filing of a complaint, grievance, or lawsuit by a prisoner is activity protected under the First Amendment. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Plaintiff alleges that he lost 21 days of recreation time because of his First Amendment protected activity of filing an HSR regarding his inhaler and the actions of C.O. Hibma. (Docket #1 at 3–4). At the screening stage, this allegation suffices to allow Plaintiff to proceed against C.O. Hibma on a claim for retaliation in violation of the First Amendment.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Deliberate indifference to Plaintiff's serious medical condition, in violation of the Eighth Amendment, against Defendant C.O. Brittany Hibma on April 11, 2020; and

**Claim Two:** Retaliation, in violation of the First Amendment, by Defendant C.O. Brittany Hibma.

Additionally, the Court will deny as moot Plaintiff's two motions for an update, as this Order provides it.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for a status update (Docket #11 and #12) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **C.O. Brittany Hibma**;

**IT IS FURTHER ORDERED** that under the informal service agreement, the Defendant shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $348.47 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.